UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAWRENCE BILLINGS,<br><br>    Plaintiff,<br><br>  v.<br><br>KING COUNTY, *et al*.,<br><br>    Defendants. | CASE NO. 2:24-cv-00574-RSL<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS |

  This matter comes before the Court on "Defendants' Motion to Dismiss Amended Complaint." Dkt. # 8. Plaintiff alleges that defendants failed to accommodate his religious beliefs in violation of Title VII, 42 U.S.C. § 2000e, and the Washington Law Against Discrimination ("WLAD"), RCW 49.60.030, *et seq*. Defendants argue that the claims, as alleged in the Amended Complaint (Dkt. # 1-2), fail as a matter of law because plaintiff has not adequately alleged a religious belief that conflicts with a job requirement, that he informed his employer of the conflict, that he was discharged on the basis of his religious beliefs, or that any of the Doe defendants face potential liability.

  The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550

ORDER GRANTING IN PART DEFENDANTS' MOTION
TO DISMISS - 1

U.S. 544, 570 (2007). In the context of a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted). The Court's review is generally limited to the contents of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). "We are not, however, required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

> To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." []*Twombly*, 550 U.S. [at 570]. A plausible claim includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *U.S. v. Corinthian Colls.*, 655 F.3d 984, 991 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Under the pleading standards of Rule 8(a)(2), a party must make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). . . . A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

*Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1144–45 (9th Cir. 2021). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim,

ORDER GRANTING IN PART DEFENDANTS' MOTION
TO DISMISS - 2

dismissal is appropriate. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

Having reviewed the Amended Complaint and the submissions of the parties,[1] the Court finds as follows:

## BACKGROUND

On August 10, 2021, the King County Executive issued an order requiring all County executive branch employees to be fully vaccinated against COVID-19 by October 18, 2021, unless they were entitled under law to an accommodation on account of disability or religious belief. Exec. Order No. ACO-8-27-EO (found at https://kingcounty.gov/en/search).[2] At the time, plaintiff was employed as a Project Program Manager with King County Metro Transit. On August 31, 2021, plaintiff claimed a religious exemption to the vaccination requirement and requested accommodation based on his "sincere religious belief." Dkt. # 9 at 6.[3] He explained that he is an Apostolic Pentecostal Christian and believes (a) that his body is the temple of the Holy Spirit, (b) that he should not take anything into his body that would be potentially harmful or toxic, (c) that he believes "the COVID-19 vaccine could be potentially toxic," (d) that he has declined all vaccines for many years, (e) that his natural immune system will protect him

---

[1] This matter can be decided on the papers submitted. Defendants' request for oral argument is DENIED.

[2] The Court takes judicial notice of the fact that the conduct of which plaintiff complains occurred during the COVID-19 pandemic and of the cited Executive Order. *Denis v. Ige*, 538 F. Supp. 3d 1063, 1068-69 (D. Haw. 2021) (taking judicial notice of public health statements and emergency proclamations published on the internet).

[3] Plaintiff's written request for exemption and accommodation forms the basis of his claims and is therefore incorporated into the Amended Complaint by reference. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).

ORDER GRANTING IN PART DEFENDANTS' MOTION
TO DISMISS - 3

and/or God Almighty will heal him, and (f) that he has consistently acted in accordance with his belief and faith in divine healing. *Id*. at 2.

Plaintiff alleges that he was granted an exemption from the vaccination mandate, but that his request for an accommodation was denied on January 4, 2022. Dkt. # 1-2 at ¶ 18. "Defendants failed to hold an interactive and engaging analysis of the job prior to denying the Plaintiff's requested accommodation." *Id.* Plaintiff's employment with King County Metro was terminated on March 4, 2022. *Id*. at ¶ 20.

## DISCUSSION

**A. Failure to Accommodate**

To allege a *prima facie* case of religious discrimination under a failure-to-accommodate theory, an employee must show that "(1) she had a bona fide religious belief, the practice of which conflicts with an employment duty; (2) she informed her employer of the belief and conflict; and (3) the employer discharged, threatened, or otherwise subjected her to an adverse employment action because of her inability to fulfill the job requirement." *Keene v. City and County of San Francisco*, No. 24-1574, 2025 WL 341831, at *2 (9th Cir. Jan. 30, 2025) (unpublished) (internal citations, quotation marks, and alterations omitted). Similarly, a *prima facie* claim of failure to accommodate religious practices under the WLAD requires a showing that (1) plaintiff had a *bona fide* religious belief, the practice of which conflicted with employment duties; (2) she informed the employer of the beliefs and the conflict; and (3) the employer responded by subjecting the employee to threatened or actual discriminatory treatment. *Kumar v. Gate Gourmet Inc.*,

ORDER GRANTING IN PART DEFENDANTS' MOTION
TO DISMISS - 4

180 Wn.2d 481, 501-02 (2014). [4] Once a plaintiff has alleged a *prima facie* case of religious discrimination, the burden shifts to the employer to show "that it initiated good faith efforts to accommodate the employee's religious practices or that it could not reasonably accommodate the employee without undue hardship." *Lawson v. Washington*, 296 F.3d 799, 804 (9th Cir. 2002) (quoting *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1438 (9th Cir. 1993)). "Undue hardship is shown when a burden is substantial in the overall context of an employer's business." *Keene*, 2025 WL 341831, at *2.

The key element at issue in this motion – whether plaintiff has adequately alleged a religious belief that conflicts with the COVID-19 vaccination requirement – is the same under both Title VII and the WLAD. According to the Equal Employment Opportunity Commission ("EEOC"), a *bona fide* religious belief is one that is sincerely held. U.S. Equal Emp. Opportunity Comm'n, EEOC-CVG-2021-3, Section 12: Religious Discrimination, § 12-I(A)(2) (Jan. 15, 2021). A plaintiff's "religious belief need not be consistent or rational to be protected under Title VII, and an assertion of a sincere religious belief is generally accepted." *Keene v. City and Cnty. of San Francisco*, No. 22-16567, 2023 WL 3451687, at * 2 (9th Cir. 2023) (unpublished) (citations omitted). Nevertheless, courts need not accept conclusory assertions that a particular belief is "religious," *Bolden-*

---

[4] Plaintiff correctly points out that a complaint in an employment discrimination lawsuit need not contain factual allegations aimed at each and every element of the *prima facie* case. Dkt. # 12 at 14-15 (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002). But the allegations must give rise to a plausible inference that plaintiff is entitled to relief, *i.e.*, that the adverse employment action was motivated by and/or based on plaintiff's religion. Plaintiff could satisfy that burden by alleging direct evidence of discriminatory animus. He has not done so, however, and the question before the Court is whether the circumstances alleged give rise to the required inference.

ORDER GRANTING IN PART DEFENDANTS' MOTION
TO DISMISS - 5

*Hardge v. Off. of the Cal. State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023), and "a 'threadbare reference' to a plaintiff's religious beliefs is insufficient to satisfy the first element of her *prima facie* case for Title VII discrimination," *Bird v. Randol*, No. 6:23-CV-1678-MC, 2024 WL 964244, at *3 (D. Or. Mar. 6, 2024).

In October 2021, the EEOC published guidance regarding a wide range of COVID-19 issues in the workplace, including how employers should respond to reasonable accommodation claims based on religious objections to vaccinations. The publication was most recently updated on May 15, 2023. The EEOC made clear that:

> Title VII does not protect social, political, or economic views or personal preferences. Thus, objections to a COVID-19 vaccination requirement that are purely based on social, political, or economic views or personal preferences, or any other nonreligious concerns (including about the possible effects of the vaccine), do not qualify as religious beliefs, practices, or observances under Title VII. However, overlap between a religious and political view does not place it outside the scope of Title VII's religious protections, as long as the view is part of a comprehensive religious belief system and is not simply an isolated teaching.

What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws at L.2 to L.3, U.S. Equal Emp. Opportunity Comm'n (Oct. 25, 2021), https://www.eeoc.gov/wysk/what-youshould-know-about-covid-19-and-adarehabilitation-act-and-other-eeo-laws#L. Thus, the first question before the Court on this motion to dismiss is whether plaintiff has plausibly alleged that his objections to the COVID-19 vaccination mandate arose from his religious beliefs as opposed to his social/philosophical/medical views and/or personal preferences. *See Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1180 (9th Cir. 2021) (citing the EEOC's guidance for the

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS - 6

proposition that "an employee's request for an exemption from a COVID-19 vaccination mandate can be denied on the ground that the employee's belief is not truly religious in nature").

Plaintiff informed his employer, and alleges in his complaint, that he has a sincerely held religious belief against taking into his body anything that is potentially harmful or toxic. In addition to the religious mandate that he honor his body as a temple of the Holy Spirit, he also believes that God has given him a completely adequate immune system and/or would heal him if he became sick. Importantly, plaintiff alleges that, after being old enough to make such decisions for himself, plaintiff has interpreted and applied these religious tenets in a way that precludes him from obtaining vaccinations (or using alcohol, tobacco, or illicit drugs).

The Court readily concedes that plaintiffs' allegations do not entirely support his claim of sincerely held religious beliefs that conflict with his employer's vaccine mandate. There are some aspects of his exemption request which suggest the request is based on non-religious views regarding the safety and medical need for vaccines. In addition, one could argue that plaintiff's belief that his deity has protected him and/or will heal him does not suggest an affirmative bar against receiving medical interventions in general or this vaccine in particular. *See Bartholomew v. Wash.*, __ F. Supp. 3d __, 2024 WL 1426308, at *5 (W.D. Wash. Mar. 26, 2024). But, taking the allegations offered in this case in the light most favorable to plaintiff, the Court finds that plaintiff has adequately alleged a religious belief system that requires him to forego vaccines in general, beliefs by which he has lived

ORDER GRANTING IN PART DEFENDANTS' MOTION
TO DISMISS - 7

for a number of years. In this respect, plaintiff has done more than simply clothe a one-off, isolated objection to the COVID-19 vaccine with a fungible and expansive concept of "religion," see *Ulrich v. Lancaster Gen. Health*, No. 22-cv-4945, 2023 WL 2939585, at *4-5 (E.D. Pa. Apr. 13, 2013), instead identifying religious texts and teachings which, in his view and in his consistent practice, preclude him from accepting vaccines.

As the Ninth Circuit has noted, the burden of alleging "a conflict with religious beliefs is fairly minimal." *Bolden-Hardge*, 63 F.4th at 1223. As long as the plaintiff avoids bare labels and conclusory assertions when alleging that his beliefs are religious in nature, the reasonableness of the claimed religious beliefs will not be second-guessed and the sincerity with which the beliefs are held will generally be accepted at the pleading stage. *Keene*, 2023 WL 3451687, at * 2; *Bolden-Hardge*, 63 F.4th at 1223.

Plaintiff alleges a system of religious beliefs which forbids vaccinations and is therefore in direct conflict with his employer's requirement that he be vaccinated against COVID-19. Those beliefs were conveyed to the employer with his request for an exemption and accommodation. While defendants cite to and rely on a number of decisions from around the country that have rejected claims similar to that asserted by plaintiff in this case, the precedent that binds this Court is that of the Ninth Circuit. Given the minimal burden of alleging a *prima facie* case of religious discrimination in this Circuit, a number of judges in this district have concluded that the type of COVID vaccine religious discrimination claims asserted here have been adequately pled. *See Willingham v. Incyte Corp.*, No. 3:24-cv-05242-LK, Dkt. # 20 (W.D. Wash. Oct. 15, 2024); *Littlejohn v.*

ORDER GRANTING IN PART DEFENDANTS' MOTION
TO DISMISS - 8

*Kaiser Found. Health Plan of Wash.*, No. 3:23-cv-06194-TMC, Dkt. # 39 (W.D. Wash. Oct. 9, 2024); *Fisher v. Dep't of Fin. Insts.*, No. 3:22-cv-05991-TSZ, Dkt. # 26 (W.D. Wash. Oct. 2, 2023). Of course, there are circumstances in which dismissal of religious discrimination claims involving the COVID vaccine would be warranted. If, for example, the allegations of the complaint fail to give rise to a plausible inference that the beliefs asserted are religious or that they compelled plaintiff to refuse the vaccine, dismissal would be appropriate under *Twombly* and *Iqbal*. *See Moli v. King County*, No. 2:23-cv-00823-RSL, Dkt. # 20 (W.D. Wash. Apr. 29, 2024); *Beuca v. Washington State Univ.*, No. 2:23-CV-0069-TOR, 2023 WL 3575503, at *2 (E.D. Wash. May 19, 2023), *rev'd and remanded on other grounds*, No. 23-35395, 2024 WL 3450989 (9th Cir. July 18, 2024). Dismissal would similarly be warranted if plaintiff's failed to give the employer notice of the religious nature of the objections to the vaccine.

In this case plaintiff has adequately alleged that elements of his religious belief system conflicted with his employer's COVID-19 vaccination requirement, that he gave his employer timely notice of the religious conflict, and that his employer failed to engage in an interactive process to identify an accommodation before his employment was terminated. The accommodation claims against the employer may proceed.

**B. Doe Defendants**

Plaintiff sued a number of Doe defendants but has not identified any acts or omissions attributed to them or any legal theory under which individuals or entities other than his employer could be liable for a failure to accommodate. A bare allegation that an

unidentified person was in some way involved in and legally responsible for wrongdoing does not raise a plausible inference of liability. Once the parties submit their Joint Status Report, a case management order will issue setting the deadline for joining additional parties. The dismissal of the claims against the Doe defendants is without prejudice to plaintiff's ability to seek leave to sue additional defendants if there is a Rule 11 basis for doing so.

For all of the foregoing reasons, defendants' motion to dismiss is GRANTED in part. Plaintiff's generic and factually unsupported claims against the Doe defendants are DISMISSED.

DATED this 7th day of February, 2025.

Robert S. Lasnik
United States District Judge